**Jagrent SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73827.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed Feb. 26, 2007.

Tsz–Hai Huang, Manish Daftari, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice Civil Rights Division/Appellate Section, John Cotton Richmond, Dept. of Justice, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Jagrent Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to review Singh's contention that he is eligible for CAT relief because he failed to exhaust this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction over the remaining claims under 8 U.S.C. § 1252. We review for substantial evidence the decisions of the BIA and IJ, *see Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc), and we deny petition for review.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The IJ offered specific, cogent reasons for the adverse credibility determination that are supported by substantial evidence and go to the heart of Singh's claim, including an inconsistency regarding his first arrest. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Because the record does not compel the conclusion that Singh was credible, he has not established eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.